UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

CARL. A. DIMPERIO, JR.,

                Plaintiff,

v.

ONONDAGA CTY., Mun. Corp.; JACK VIVITZKY,
RPA-C, Physician Assistant; Onondaga Cty. Justice Ctr.;
JANE DOE NURSE "H," Onondaga Cty. Justice Ctr.;
and JANE DOE NURSE "I," Onondaga Cty. Justice Ctr.,

                Defendants.
_____

9:13-CV-1202
(GTS/DEP)

APPEARANCES:                                          OF COUNSEL:

CARL A. DIMPERIO, JR.
  Plaintiff, *Pro Se*
7087 Buckley Road
Liverpool, New York 13088

SMITH, SOVIK, KENDRICK & SUGNET, P.C.        DANIEL R. RYAN, ESQ.
  Counsel for Defendant Onondaga County
250 South Clinton Street, Suite 600
Syracuse, New York 13202

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

      Currently before the Court, in this *pro se* prisoner civil rights action filed by Carl A. Dimperio, Jr. ("Plaintiff") against the County of Onondaga and three employees of its Justice Center ("Defendants"), are U.S. Magistrate Judge David E. Peebles' Report-Recommendation recommending that Defendant County's motion for summary judgment be granted and that Plaintiff's remaining claims be dismissed without prejudice for failure to serve. (Dkt. No. 53.) For the reasons set forth below, the Report-Recommendation is accepted and adopted.

**I. RELEVANT BACKGROUND**

Because this Decision and Order is intended primarily for the review of the parties, the Court will not summarize the claims and factual allegations asserted in Plaintiff's Complaint, or the relevant procedural history of this action, which facts are accurately recited in Magistrate Judge Peebles' Report-Recommendation. (Dkt. No. 53.)

Generally, in his Report-Recommendation, Magistrate Judge Peebles rendered the following findings of fact and conclusions of law: (1) Plaintiff has failed to adduce admissible record evidence from which a rational factfinder could render a judgment for Plaintiff on a *Monell* claim against Defendant Onondaga County; and (2) Plaintiff's claims against the three employees of the Onondaga County Justice Center–Defendants Jack Vitvitsky, Jane Doe Nurse "h," and Jane Doe Nurse "i"–should be dismissed without prejudice due to Plaintiff's failure to timely serve those individuals under Fed. R. Civ. P. 4(m). (Dkt. No. 53, Part III.) Familiarity with the particular findings and conclusions in Magistrate Judge Peebles' Report-Recommendation is assumed in this Decision and Order, which (again) is intended primarily for the review by the parties.

**II. STANDARD OF REVIEW**

When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(c).[1]

---

[1] *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement

2

When performing such a *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1). However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance.[2] Similarly, a district court will ordinarily refuse to consider argument that could have been, but was not, presented to the magistrate judge in the first instance. *See Zhao v. State Univ. of N.Y.*, 04-CV-0210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011) ("[I]t is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks and citation omitted); *Hubbard v. Kelley*, 752 F. Supp.2d 311, 312-13 (W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks omitted).

---

with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected *and why*, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.") (emphasis added).

[2]   *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition; *see also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999). Similarly, when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error* review.[3] Finally, when *no* objection is made to a portion of a report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.*[4]

---

[3] *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

[4] *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

After conducing the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## III. ANALYSIS

Liberally construed, Plaintiff's Objection asserts three arguments: (1) Plaintiff's lack of appointed counsel deprived him of discovery necessary to cause service on Defendant Jane Doe Nurse "h" and Jane Doe Nurse "i" (specifically, evidence regarding whether Jane Doe Nurse "h" and Jane Doe Nurse "i" were employed by Correctional Medical Care, Inc., Staff Care, Inc., or some other contractor); (2) Plaintiff failed to point out to Magistrate Judge Peebles (due to a misbelief that "the Court will all its wisdom would have noticed it") that in no reports did the Commission of Corrections consider whether the individual Defendants, who were employed by Correctional Medical Care, Inc. and "another subcontractor that was hired by CMC," violated any policies of Correctional Medical Care, Inc., demonstrating the Commission of Corrections' negligence in this matter; and (3) the fact that a deputy was present when Plaintiff complained to Nurse Sonya Santana that he needs his heart medication or could have another heart attack and die (as was the deputies' practice), but that Defendant County responded in discovery that its deputies do not provide medical care, constitutes admissible evidence from which a rational factfinder could conclude that Defendant County had a policy of employing medical staff who deliberately ignored verbal requests for medications for serious medical conditions. (Dkt. No. 54.)

The argument contained in Plaintiff's first objection could have been, but was not, presented to Magistrate Judge Peebles during the four months before he issued his Report-Recommendation, when Plaintiff knew or should have known that the dismissal of his claims

5

against Defendant Jane Doe Nurse "h" and Jane Doe Nurse "i" for failure to serve would occur. (*See, e.g.,* Dkt. Nos. 46, 48, 53.) As a result, Plaintiff's first objection does not subject any portion of Part III.C. of the Report-Recommendation to a *de novo* review. *See, supra,* Part II of this Decision and Order.

Similarly, the argument contained in Plaintiff's second objection could have been, but admittedly was not, presented to Magistrate Judge Peebles shortly after Plaintiff submitted his opposition to Defendant County's motion for summary judgment. It bears noting that Plaintiff filed two responses to Defendant County's motion–a response on January 20, 2015 (Dkt. No. 38), and a supplemental response on January 29, 2015 (Dkt. No. 41)–further supporting the conclusion that he could have presented the argument in question to Magistrate Judge Peebles. As a result, Plaintiff's second objection does not subject any portion of Part III.B. of the Report-Recommendation to a *de novo* review.

Finally, the argument contained in Plaintiff's third objection could have been, but was not, presented to Magistrate Judge Peebles. (*See generally* Dkt. No. 38, Attach. 1 [Plf.'s Opp'n Memo. of Law].) As a result, Plaintiff's third objection does not subject any portion of Part III.B. of the Report-Recommendation to a *de novo* review.

For these reasons, the entirety of the Report-Recommendation is subject merely to a clear-error review. After carefully reviewing the relevant filings in this action, the Court can find no clear error in Magistrate Judge Peebles' thorough Report-Recommendation: Magistrate Judge Peebles employed the proper legal standards, accurately recited the facts, and reasonably applied the law to those facts. As a result, the Court accepts and adopts the Report-Recommendation for the reasons stated therein. (Dkt. No. 53.) The Court would add only that, even if it were to subject the above-referenced portions of the Report-Recommendation to a *de novo* review, it would find that those portions survive that review.

6

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Peebles' Report-Recommendation (Dkt. No. 53) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Defendant Onondaga County's motion for summary judgment (Dkt. No. 35) is **GRANTED**, and Plaintiff's claim against Defendant Onondaga County is **DISMISSED with prejudice**; and it is further

**ORDERED** that Plaintiff's remaining claims in this action–i.e., his claim against Defendants Jack Vitvitsky, Jane Doe Nurse "h," and Jane Doe Nurse "I"–are **DISMISSED without prejudice** pursuant to Fed. R. Civ. P. 4(m); and it is further

**ORDERED** that the Clerk of the Court shall enter Judgment for Defendants and close this action.

Dated: September 23, 2015
　　　　Syracuse, New York

　　　　　　　　　　　　　　　　　　　　　　　HON. GLENN T. SUDDABY
　　　　　　　　　　　　　　　　　　　　　　　Chief, U.S. District Judge